UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CLAUDE HUDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:17-cv-00234-WTL-MPB |
| | ) | |
| WHITE RN, VA Medical Center, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Dismissing Supplemented Complaint and Directing Plaintiff to Show Cause**

**I.**

On July 28, 2017, the complaint in this action was dismissed because the court could not discern any plausible legal claim against Nurse White (who appears to be employed at the VA Medical Center). The Court noted that portions of the complaint were illegible. The plaintiff's complaint was dismissed for this reason and the plaintiff was given through August 24, 2017, in which to file an amended complaint.

Instead of filing an amended complaint, the plaintiff objected to the dismissal of the complaint stating that his complaint was carefully printed by a national Palmer Penmanship Award Winner. He states that his complaint was against "RN White and a dozen unidentified black employees of VA hospital who confiscated my medicine that VA directed in writing I was to maintain possession of. The plaintiff suffered brain damage and hospitalization in Terre Haute for the reason of the medicine White and his large number of accomplices took from the plaintiff, an 80 year old veteran of the 101st Airborne Division." The plaintiff states that Nurse White and his cohorts were acting out of prejudice and unconscious hatred against him because he is white. The

complaint specifies that the medications taken were blood pressure pills and that they were returned to him by mail six days later by overnight special delivery. Dkt. 1 at 3. As clarified by the plaintiff's objection to the Entry of July 28, 2017, the complaint is now subject to screening. No amended complaint is required given the plaintiff's opposition to filing such a pleading which is understood to clarify his claims.

## II.

The plaintiff is a prisoner currently incarcerated at the Vigo County Jail. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## III.

The plaintiff's supplemented complaint must be dismissed because no viable claim for relief could be identified.

The complaint cannot be understood to allege a tort claim under the Federal Tort Claims Act ("FTCA") because the only proper defendant in an action pursuant to the FTCA is the United States itself, *Hughes v. United States,* 701 F.2d 56, 58 (7th Cir. 1982), and the United States is not included as a defendant in this case. *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005)(noting that the composition and content of the amended complaint are entirely the responsibility of the plaintiff, for "even pro se litigants are masters of their own complaints and may choose who to sue-or not to sue"). The failure to name the appropriate defendant requires the dismissal of this claim.

Similarly, the plaintiff's claims that he was discriminated against by Nurse White and other employees because he is white cannot proceed. Because Nurse White is alleged to be employed at the Veteran Affairs Hospital in Indianapolis, Indiana, she is presumed to be a federal employee. As such, by its express language, 42 U.S.C. § 1981 applies only to claims against nongovernmental actors or based on acts performed under color of state law; it does not apply to claims directly against a federal agency nor against a federal employee acting under color of federal law. 42 U.S.C. § 1981(c); *Davis v. U.S. Dep't of Justice*, 204 F.3d 723, 725–26 (7th Cir. 2000). Accordingly, any claims of race discrimination at the VA are not cognizable under § 1981.

Finally the plaintiff's claim that he was denied his medications with the purpose of causing him harm cannot proceed under the Eighth Amendment to the United States Constitution because there is no factual basis to conclude that he was a prisoner at the time of the incident in question.

**IV.**

The plaintiff shall have **through September 19, 2017,** in which to show cause why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an

order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."). Any response to this Order should identify the legal claim the plaintiff intends to pursue in this action.

**IT IS SO ORDERED.**

Date: 8/21/17

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

CLAUDE HUDSON
23525
VIGO COUNTY JAIL
201 Cherry Street
Terre Haute, IN 47807